[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 5, 2010
JOHN LEY
CLERK

_____

No. 10-11647
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cv-01889-RLV

MARTA TIGHE,

Plaintiff-Appellant,

versus

WORLDSPAN, L.P,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 5, 2010)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Marta Tighe, a Hispanic female of Nicaraguan origin, appeals *pro se*

following the entry of summary judgment in favor of Worldspan, L.P., her former employer, on her discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2(a), 3(a); and 42 U.S.C. § 1981. Tighe filed the present civil action alleging that numerous events during her tenure with Worldspan, including her termination, were the result of discrimination on the basis of her race and national origin, and were taken in retaliation for her complaints about bias. Worldspan moved for summary judgment, and a magistrate issued a report recommending that its motion be granted because her pre-termination claims were abandoned, and all of her claims failed on the merits in any event. The district court subsequently adopted the magistrate's report, agreeing that her claims failed on the merits.

On appeal, Tighe raises three arguments. First, she argues that she did not abandon her pre-termination claims. Despite the liberal pleading standard for *pro se* litigants, if a party does not brief issues on appeal, they have abandoned those issues. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Because Tighe did not raise any issues relating to her loss of sales territory, diminishing role in the company, or hostile work environment in her initial brief, she has abandoned these issues on appeal, and we need not consider them. As to the remaining claims, although Tighe raised numerous claims relating to pre-termination events in her

2

complaint, and Worldspan addressed these claims in its motion for summary judgment, she limited her counseled response on the merits to her termination claims. Additionally, she conceded that none of the pre-termination events rose to the level of an adverse employment action. Therefore, the district court appropriately determined that she abandoned those claims at that stage of the proceedings. Accordingly, we affirm the district court's denial of her pre-termination claims without reaching their merits.

Second, Tighe argues that the district court erred in granting summary judgment on her claims for discriminatory and retaliatory termination. Although Tighe set forth a *prima facie* case for both discriminatory and retaliatory termination, Worldspan articulated a legitimate, non-discriminatory and non-retaliatory reason—that it terminated her for job abandonment—after she relocated to Florida in violation of its directive that she could not do so and continue to hold her position with the company. Tighe failed to establish that Worldspan's articulated reason was a pretext for either discrimination or retaliation, as she offered no evidence beyond her conclusory allegations that its explanation was not true and merely quarreled with the wisdom of its decision. Accordingly, the district court did not err in granting summary judgment to Worldspan on Tighe's termination claims.

Lastly, she argues that the district court simply adopted the magistrate's report without reviewing his findings *de novo*, as required. As Tighe objected only to the magistrate's findings with respect to her termination claims, the district court's obligation to conduct *de novo* review extended only to those findings. Because the district court stated that it considered the magistrate's report and Tighe's objections, and came to two independent conclusions regarding those claims, we are satisfied, on this record, that the district court adequately performed its duty to review the magistrate's report *de novo*.

Upon review of the record, and consideration of the parties' briefs, we find Tighe's arguments to be without merit and affirm.

**AFFIRMED.**